UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN MANN ANDERSON,

        Plaintiff,

        v.                                            Case No. 24-C-39

CHARLES YORK, et al.,

        Defendants.

---

**ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO STAY AND/OR FOR AN EXTENSION OF TIME**

---

    Plaintiff John Mann Anderson, who is representing himself, is proceeding on a First Amendment claim in connection with allegations that, in June 2022, Defendants Charles York, Christopher Ewert, Kyle Tritt, and Randall Hepp improperly confiscated his mail and denied him access to the courts at the Waupun Correctional Institution. Dkt. Nos. 1 & 7. On May 9, 2025, Defendants filed a motion for summary judgment. Dkt. No. 52. Plaintiff's response materials are currently due June 10, 2025. Dkt. No. 59.

    On June 5, 2025, Plaintiff filed a motion to stay and/or for an extension of time. Dkt. No. 62. Plaintiff states that he recently transferred institutions, so he lost access to his legal materials for a period of time in May 2025. *Id*. at 1-2. He explains that, when the legal materials were returned to him, all 30,000 pages were mixed up and difficult to sort through. *Id*. Plaintiff states that he has chronic eye problems and the Court previously stayed his cases pending an off-site eye doctor's appointment. *Id*. at 2-3. He indicates that he has another off-site eye doctor appointment coming up to reassess his prescription for bi-focal glasses and/or to discuss surgery, but the institution won't tell him when the appointment will occur due to security concerns. *Id*.

The Court will deny the motion to stay the case. The Court previously stayed this case for eight months, and at this point, an additional stay would prejudice Defendants' right to defend themselves and timely resolve the claims against them. *See Walker v. Merk & Co., Inc.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) ("In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties."). Additionally, Plaintiff's filings thus far demonstrate that he is able to draft documents and work on his case. To accommodate the slower pace at which Plaintiff claims he is working, the Court will grant him a 60-day extension of time to respond to Defendants' summary judgment motion. No further extensions of time will be granted absent good cause. *See* Fed. R. Civ. P. 6(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to stay and/or for an extension of time (Dkt. No. 62) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court denies Plaintiff's request for a stay but grants his request for an extension of time. The deadline to respond to Defendants' motion for summary judgment is extended to **August 11, 2025**.

Dated at Green Bay, Wisconsin this 9th day of June, 2025.

William C. Griesbach
United States District Judge